# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

JOHN MANUEL RUIZ,

        Plaintiff,

vs.

NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,

        Defendant.

2:16-cv-00931-APG-VCF

**ORDER**

    Before the Court is Plaintiff's request for the Reservice of Summons and Second Amended Complaint to Unserved Defendants (ECF NO. 37).

    Plaintiff is now asking for another extension to perfect service on the unserved defendants. *Id.*

    Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 90–day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the 90–day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 90–day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). The Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 90 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* FED. R. CIV. P. 4(m), Advisory Committee Notes, 1993 Amendments.

    Generally, "good cause" is equated with diligence. *See* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1337. In the Ninth Circuit, a showing of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the rules. *See National Union*

*Fire Ins. Co. v. Monroe*, No. 10–cv–0385, 2011 WL 383807, at *1 (D. Nev. Feb. 2, 2011). "At a minimum, good cause means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) the plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991).

Here, Plaintiff has not satisfied this standard. Plaintiff has not given the Court good cause why he has not attempted service on the unserved defendants. On January 16, 2020, the Court gave Plaintiff an additional 90 days (April 15, 2020) to perfect service on any unserved defendants. (ECF No. 36). Plaintiff has not attempted service at all and has not given the court any reason why he is not able to serve within a 90-day time frame.

In plaintiff's instant motion, he is also asking for copies of Summons of unserved defendants, a copy of the Second Amended Complaint (ECF NO. 12), and a copy of the order granting his IFP (ECF No. 21). The court will direct the Clerk of Court to mail him these copies.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's request for the Reservice of Summons and Second Amended Complaint to Unserved Defendants (ECF NO. 37) is DENIED.

The Clerk of Court is directed to mail Plaintiff copies of Summons of unserved defendants (Legrand, Sandi, Gedney, and Johns), a copy of the Second Amended Complaint (ECF NO. 12), and a copy of the order granting his IFP (ECF No. 21).

In the screening order, claims against Defendant Joseph Walls and Wulff have been dismissed. (ECF No. 15 at p. 9). The Clerk of Court is directed to terminate Walls and Wulff from the docket sheet.

DATED this 26th day of March, 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE