**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

JOHN MANUEL RUIZ,

             Plaintiff,

vs.

NEVADA DEPARTMENT OF
CORRECTIONS, *et al.*,

             Defendant.

2:16-cv-00931-APG-VCF

**<u>ORDER</u>**

Before the Court is Plaintiff's request for the Reservice of Summons and Second Amended Complaint to Unserved Defendants (ECF NO. 37).

Plaintiff is now asking for another extension to perfect service on the unserved defendants. *Id.*

Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 90–day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the 90–day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 90–day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). The Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 90 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* FED. R. CIV. P. 4(m), Advisory Committee Notes, 1993 Amendments.

Generally, "good cause" is equated with diligence. *See* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1337. In the Ninth Circuit, a showing of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the rules. *See National Union*

1  *Fire Ins. Co. v. Monroe*, No. 10–cv–0385, 2011 WL 383807, at *1 (D. Nev. Feb. 2, 2011). "At a minimum,

2  good cause means excusable neglect. A plaintiff may also be required to show the following: (a) the party

3  to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice;

4  and (c) the plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*,

5  923 F.2d 754, 756 (9th Cir.1991).

6      Here, Plaintiff has not satisfied this standard.  Plaintiff has not given the Court good cause why he

7  has not attempted service on the unserved defendants.  On January 16, 2020, the Court gave Plaintiff an

8  additional 90 days (April 15, 2020) to perfect service on any unserved defendants.  (ECF No. 36).  Plaintiff

9  has not attempted service.  Plaintiff has not articulated reasons why service is not completed within a 90-

10 day time frame.

11     In plaintiff's instant motion, he is also asking for copies of Summons of unserved defendants, a

12 copy of the Second Amended Complaint (ECF NO. 12), and a copy of the order granting his IFP (ECF

13 No. 21). The court will direct the Clerk of Court to mail him copies of the Second Amended Complaint

14 (ECF NO. 12) and a copy of the order granting his IFP (ECF No. 21).

15     Summons have not been issued for Defendants Legrand, Sandie, Gedney, and Johns.  Considering

16 that Summons have not been issued for the unserved defendants, the Court will extend the time for Plaintiff

17 to perfect service on Defendants Legrand, Sandie, Gedney, and Johns.

18     Accordingly,

19     IT IS HEREBY ORDERED that Plaintiff's request for the Reservice of Summons and Second

20 Amended Complaint to Unserved Defendants (ECF NO. 37) is GRANTED.

21     IT IS FURTHER ORDERED that Plaintiff has up to and including July 27, 2020, to perfect service

22 on Defendants Legrand, Sandie, Gedney, and Johns.

23     The Clerk of Court is directed to issue (sealed) Summons for Defendants Legrand, Sandie, Gedney,

24 and Johns, at the addresses provided under sealed in ECF No. 23, and deliver same to the U.S. Marshal

25

1  for service. The clerk is directed to send copy of the Second Amended Complaint, Summons, and copy of

2  this order to the U.S. Marshal for service on Defendants Legrand, Sandie, Gedney, and Johns.

3       The U.S. Marshal is directed to serve Defendants Legrand, Sandie, Gedney, and Johns.

4       The clerk is directed to mail to plaintiff the USM-285 form. Plaintiff has thirty (30) days within

5  which to furnish to the U.S. Marshal the required USM-285 form.

6       Within twenty (20) days after plaintiff receives copy of the completed USM-285 form from the

7  U.S. Marshal, plaintiff must file a notice with the court stating if defendant was served. If the plaintiff

8  wishes to have the U.S. Marshal attempt service again on defendant, then a motion must be filed with the

9  court.

10       The Clerk of Court is directed to mail copies of the Second Amended Complaint (ECF NO. 12)

11  and the order granting his IFP (ECF No. 21) to Plaintiff.

14       DATED this 27th day of March, 2020.

     CAM FERENBACH
     UNITED STATES MAGISTRATE JUDGE