UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN MANUEL RUIZ,<br><br>    Plaintiff<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants | Case No.: 2:16-cv-00931-APG-VCF<br><br>**Order Denying Motion for Entry of Clerk's Default, Granting Request for Extension of Time to Answer Complaint, and Denying Motion for Demand of Payment**<br><br>[ECF Nos. 62, 63, 66, 67, 70] |

    Plaintiff John Manuel Ruiz moves for entry of default against defendants William Sandie and Karen Gedney. ECF Nos. 62, 63.  After Ruiz moved for entry of default, Sandie and Gedney joined the other defendants' answer to the complaint and filed responses to the motions for entry of default, arguing that their failure to answer was the result of excusable neglect and requesting an extension of time to respond to the complaint.

    I "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).  To determine "good cause," I consider: "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quotation omitted).  If I find "that any one of these factors is true," that is "sufficient reason" for me to "refuse to set aside the default." *Id.*  Default judgment "is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* (quotation omitted).

I deny Ruiz's motions for entry of default. First, Sandie and Gedney have explained that their failure to respond was due to excusable neglect, not due to an intentional failure to answer. *See id.* at 1092; ECF Nos. 66, 67. Second, these defendants have identified potential meritorious defenses. ECF Nos. 66, 67. And finally, Ruiz will not be prejudiced. This case has been pending for years, and indeed it took Ruiz many years to successfully serve Sandie and Gedney, having only recently served them in the fall of 2020. ECF Nos. 50, 56. The dispositive motions deadline has not yet run and to the extent discovery is needed for the claims against these two, the parties may seek an extension of the deadlines. Given the preference for deciding claims on their merits, I deny Ruiz's motions for entry of default and grant Sandie and Gedney's request for an extension of time to file an answer to the complaint, such that their joinder (ECF No. 65) is timely. Finally, I deny as moot Ruiz's motion for demand of payment, which is based on his motions for entry of default.

I THEREFORE ORDER that plaintiff John Ruiz's motions for entry of clerk's default **(ECF Nos. 62, 63) are DENIED**.

I FURTHER ORDER that defendants William Sandie and Karen Gedney's requests to extend time to answer the complaint **(ECF Nos. 66, 67) are GRANTED**, such that their joinder (ECF No. 65) to the other defendants' answer (ECF No. 28) is timely.

I FURTHER ORDER that plaintiff John Ruiz's motion for demand of payment **(ECF No. 70) is DENIED**.

DATED this 1st day of March, 2021.

ANDREW P. GORDON  
UNITED STATES DISTRICT JUDGE