# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

JOHN MANUEL RUIZ,

        Plaintiff(s),

v.

NEVADA DEPARTMENT OF CORRECTIONS, et al.,

        Defendant(s).

2:16-cv-00931-APG-VCF

**ORDER and REPORT AND RECOMMENDATION**

Before me is the motion for request of service of summons (ECF NO. 98).

This matter commenced with initiating documents on April 22, 2016. (ECF No. 1). The operative amended complaint was filed on June 11, 2018. (ECF NO. 12).

Fed. R. Civ. P. 4(m) requires a defendant to be served within 90 days after the complaint is filed. If "the plaintiff shows good cause for the failure [to serve a defendant within that time-frame], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

On September 10, 2020, I granted Plaintiff's request for an extension of time to perfect service on defendants Marsha Johns and Robert LeGrand to November 10, 2020. (ECF NO. 45).

The last day to effectuate service has long passed on defendants Marsha Johns and Robert LeGrand. Fed. R. Civ. P. 4(m).

On November 12, 2021, Judge Gordon entered an order to show cause as to why defendants Marsha Johns and Robert LeGrand should not be dismissed for lack of timely service. (ECF No. 96). Ruiz was given until December 10, 2021, to file a response to the show cause order. On December 6, 2021, Ruiz filed his response to the show cause order. (ECF No. 98). He states that he tried his best to serve Johns and LeGrand but good cause was not given as to why service has not been perfected.

Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 90–day time period for service

contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the 90–day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 90–day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). The Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 90 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* FED. R. CIV. P. 4(m), Advisory Committee Notes, 1993 Amendments.

Generally, "good cause" is equated with diligence. *See* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1337. In the Ninth Circuit, a showing of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the rules. *See National Union Fire Ins. Co. v. Monroe*, No. 10–cv–0385, 2011 WL 383807, at *1 (D. Nev. Feb. 2, 2011). "At a minimum, good cause means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) the plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991)

Plaintiff has not satisfied this standard. Here, Plaintiff failed to demonstrate "good cause" for his failure to effectuate service on Defendants LeGrand and Johns, and Plaintiff has not provided any support for his request for an extension. Under LR 7-2(a), a motion must be supported by a memorandum of points and authorities. Plaintiff did not provide any points and authorities in his motion.

Accordingly,

I ORDER that the motion for request of service of summons (ECF NO. 98) is DENIED.

I RECOMMEND that all claims against defendants Marsha Johns and Robert LeGrand be DISMISSED for failure to timely serve.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

DATED this 14th day of January 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE