UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN MANUEL RUIZ,<br><br>    Plaintiff<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants | Case No.: 2:16-cv-00931-APG-VCF<br><br>**Order Granting Defendants' Motion for Summary Judgment and Denying as Moot Plaintiff's Motions to Attach Addendum and to Extend Time**<br><br>[ECF Nos. 114, 125, 127] |

Plaintiff John Manuel Ruiz is a prisoner in the custody of the Nevada Department of Corrections. He sues over events that took place while he was incarcerated at Lovelock Correctional Center (LCC) and then transferred to Northern Nevada Correctional Center (NNCC).

In brief, while Ruiz was at LCC, he tore his right bicep tendon when he fell off his top bunk. He alleges he told defendant Samuel Chapman, a correctional officer, about his injury but Chapman refused to call for medical assistance. He was eventually seen days later by Dr. Van Horn, who ordered him to wear an arm sling. He alleges defendants Tara Carpenter and William Sandie, who were both associate wardens, told Van Horn not to treat Ruiz unless Ruiz was dying, due to the financial cost. Despite this alleged directive, Ruiz was transferred from LCC to NNCC within five days of the accident and had surgery on his torn tendon about two weeks later. Ruiz alleges that defendant Karen Gedney, a doctor at NNCC, directed the doctor who performed the surgery to remove the tendon rather than repair it, again due to financial

considerations. Based on these allegations, I allowed a claim of Eighth Amendment deliberate indifference to proceed against Chapman, Carpenter, Sandie, and Gedney. ECF No. 15.[1]

The defendants moved for summary judgment, arguing that Ruiz failed to exhaust his administrative remedies. They also argue that no genuine dispute remains that they were not deliberately indifferent or, alternatively, that they are entitled to qualified immunity. Ruiz opposed and, after briefing was completed, moved for leave to add a declaration from his former cellmate regarding the incident where he fell off his bunk and Chapman allegedly refused to call for medical assistance. The defendants opposed this motion based in part on its untimeliness. In response, Ruiz moved to extend time to explain the late filing.

I grant the defendants' motion for summary judgment because Ruiz did not exhaust his administrative remedies. None of Ruiz's grievances asserted that Chapman refused to call for medical assistance, that Carpenter and Sandie told Dr. Van Horn not to treat Ruiz, or that Gedney told the surgeon to remove the tendon. I deny as moot Ruiz's motions to supplement the record and to extend time because the affidavit he attaches to his motion does not relate to his failure to exhaust administrative remedies.

# I. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

---

[1] I also allowed this claim to proceed against Robert LeGrand and Marsha Johns, but I later dismissed these two defendants because Ruiz failed to serve them. ECF Nos. 15; 112.

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies prior to filing a lawsuit is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

The PLRA requires "proper exhaustion" of an inmate's claims. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The inmate must "use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). The inmate must comply "with an agency's deadlines and other critical procedural rules because no adjudication system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91.

Failure to exhaust is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Consequently, the defendants bear the burden of proving the inmate failed to exhaust an available administrative remedy. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc).

If the defendants do so, the burden shifts to the inmate to show "there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quotation omitted). The defendants bear the "ultimate burden" of proving a failure to exhaust. *Id.*

Ruiz filed multiple grievances related to his torn tendon. But none of those grievances asserted that Chapman refused to call for medical assistance, that Carpenter and Sandie told Dr. Van Horn not to treat Ruiz, or that Gedney told the surgeon to remove the tendon. In grievance number 20062981952, Ruiz requested to be returned to the infirmary after being discharged following his surgery. ECF Nos. 114-1 at 21-26, 47; 123 at 39-40, 42; 123-1 at 1-3. In grievance number 20062984005, Ruiz requested to be seen by a doctor following his surgery and he requested copies of his medical kites. ECF Nos. 114-1 at 28-31, 46; 123 at 25-29, 33-37. Grievance number 20062998332 involved Ruiz's request for an MRI, a second opinion on whether another surgery could repair his arm, and complaints that the surgery was unsuccessful. ECF Nos. 114-1 at 38-40; 123 at 5-13, 17-22. Grievance number 20062985193 involved Ruiz complaining that the surgery was unsuccessful. ECF No. 114-1 at 44-45. Although Ruiz complained about the surgery being unsuccessful, he did not assert that Gedney told the surgeon to remove the tendon.[2] In grievance number 20063050153, Ruiz complained that the medical providers would tell him that he would be seen but never called him for an appointment, and he requested to be seen by an outside surgeon. ECF No. 123-1 at 5-11. Although Ruiz's medical

---

[2] In any event, Ruiz's medical records from the surgery indicate that his tendon was not removed. ECF No. 116-8 at 8, 14-15, 18-19.

kites would not count as grievances, I note that the kites also do not assert the allegations at issue in this case. ECF Nos. 116-2; 123 at 15, 30-32, 41; 123-1 at 21; 123-2 at 5, 7-15, 17-30; 123-3 at 1-22; 123-4 at 5; 123-5 at 3, 5-16.  Ruiz does not present any evidence or argument that the grievance system was unavailable to him.  His ability to file grievances shows it was available.

I therefore grant the defendants' summary judgment motion because no genuine dispute remains that Ruiz did not exhaust his administrative remedies for any of his claims in this case.  I deny as moot Ruiz's motion to supplement the record because the affidavit he attaches to his motion does not relate to his failure to exhaust administrative remedies. *See* ECF No. 125 at 2-5 (affidavit by former cellmate regarding Chapman's alleged refusal to call for help).  I also deny as moot Ruiz's related motion to extend time to file the affidavit.

## II.  CONCLUSION

I THEREFORE ORDER that the defendants' motion for summary judgment **(ECF No. 114) is GRANTED**.

I FURTHER ORDER that the plaintiff's motions to attach addendum and to extend time **(ECF Nos. 125, 127) are DENIED as moot**.

I FURTHER ORDER the clerk of court to enter judgment in favor of defendants Samuel Chapman, Tara Carpenter, William Sandie, and Karen Gedney, and against plaintiff John Manuel Ruiz, and to close this case.

DATED this 7th day of March, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE